F:\WP51\DOCS\KHENRY\6989.0015\00092591.DOC

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Mollie Enterprises, Inc. ) | Case No. 12-20426 |
| ) | |
| Debtor ) | Honorable Eugene R. Wedoff |
| ) | |
| ) | |
| Brenda Helms, as Trustee ) | |
| ) | Adversary No. 15-00034 |
| Plaintiff ) | |
| v. ) | |
| Charles Hanson ) | |
| ) | |
| Defendant ) | |

## NOTICE OF MOTION

TO:   David L. Kane
      Meltzer, Purtill & Stelle LLC
      300 South Wacker Drive, Suite 3500
      Chicago, Illinois 60606
      (312) 987-9900
      Fax: (312) 987-9854

      On July 16, 2015 at 9:30 A.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Eugene R. Wedoff, in the courtroom 744 in the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and present the attached Motion of Charles Hanson pursuant to Bankruptcy Rule 9023.

Peter G. Swan
EMALFARB, SWAN & BAIN
440 Central Avenue
Highland Park, IL 60035
(847) 432-6900
# 6186883

## CERTIFICATE OF SERVICE

    I, Peter Swan, certify I served this notice by mailing copies to the above attorneys of record at the addresses above and depositing the same in the U.S. Mail at the Central Ave. Post Office, by 5:45 P.M. on July 9, 2015.

                                                                              /s/ Peter G. Swan

F:\WP51\DOCS\KHENRY\6989.0015\00096652.DOC

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Mollie Enterprises, Inc. ) | Case No. 12-20426 |
| ) | |
| Debtor ) | Honorable Eugene R. Wedoff |
| ) | |
| ) | |
| Brenda Helms, as Trustee ) | |
| ) | Adversary No. 15-00034 |
| Plaintiff ) | |
| v. ) | |
| Charles Hanson ) | |
| ) | |
| Defendant ) | |

## MOTION TO AMEND JUDGMENT

Now comes the Adversary Defendant, Charles Hanson, by and through his attorneys, Emalfarb, Swan & Bain, and moves this Court pursuant to Bankruptcy Rule 9023, to alter or amend the judgment entered by this Court on June 29, 2015, and in support thereof states as follows:

### I. SUMMARY OF COURT'S RULING

Attached hereto as Exhibit "A" is the transcript of this Court's ruling after trial in this matter. Prior to hearing closing argument in this case the Court instructed counsel not to discuss the Trustees counts it her complaint sounding in Promissory Estoppel, Unjust Enrichment, Conversion, and Breach of Fiduciary Duty. Counsel for Mr. Hanson presumes that the Court agreed with Mr. Hanson's contention that these counts were all time barred based upon the fact that the alleged transfers of funds to Mr. Hanson, would have necessarily occurred prior to 2001, and therefore these counts, all of which have a five years statute of limitations pursuant to 735 ILCS 5/13-205, were time barred. Attached hereto as Exhibit "B" is the consolidated financial statement for the Debtor corporation as prepared by Miller Cooper & Company for the years 2003 and 2002,

1

which evidence on page 13, note C, that the loan obligation was non-interest bearing prior to 2002, and hence the inception of loan must have occurred in 2001 or prior thereto. If the loan obligation date of inception was in 2001 or prior thereto, then the advances of funds from the Debtor to Mr. Hanson must have occurred in 2001 or prior thereto.

Secondly, from a reading of the transcript, it appears that the Court believed that a verbal loan agreement existed between Charles Hanson and the Debtor which was due on demand. This verbal loan agreement would have occurred prior to 2001 according to the consolidated financial reports of the Debtor, pursuant to which the Debtor had been accruing interest on its books and records. The Court next noted that the Trustee first made demand on Hanson, on behalf of the Debtor, in December of 2014. Additionally the transcript displays that the Court queried of both counsel for the Trustee and the Defendant, if they possessed any case law concerning when a cause of action accrues on a demand obligation. Since neither counsel had researched that issue, the Court was left to its own determination as to when the statute of limitation began on a verbal loan agreement that was due upon demand. Finally, the Court concluded that, because payment of the loan was only due upon demand, the cause of action there under must necessarily accrue once the demand has been made. Based upon that determination, the Court found that the Trustee's cause of action based on the verbal loan agreement, which was due upon demand, was not time barred under 735 ILCS 5/13-205, because the demand was just recently made as of December 2014.

The Defendant now moves this Court to reconsider and amend its judgment order of June 29, 2015, based upon research performed by counsel for the Defendant subsequent to this Court's judgment order. It is Defendant's contention that, under Illinois law, the statute of limitations on a verbal loan agreement that is due on demand, begins to run on the date that the loan agreement originates and a cause of action there under lapses after the five year limitations period under 735 ILCS 5/13-205 ends. Since this particular loan agreement originated prior to 2001, the statute of limitations would have long expired by the time the Trustee attempted to make demand for payment in December of 2014.

2

Additionally, as there was no evidence as to when the Defendant actually received any consideration that supports the loan agreement, the Defendant contends that the Trustee has failed to prove the element of contemporaneous consideration necessary to support a cause of action for breach of a verbal loan agreement.

## II. MOTION STANDARD

Bankruptcy Rule 9023 and Fed.R.Civ.P. 59(c) govern motions to alter or amend judgments. Motions filed under these provisions are properly characterized as motions for reconsideration and are within the discretion of the trial court to grant or deny. *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119 (C.A.6 1982). Such motions are appropriate only to correct "manifest errors of fact or law" or to present newly discovered evidence. *In re Cafferky*, 39 B.R. 330, 335 (Bankr.M.D.Tenn.1984). Stated differently, "relief under Rule 59(e) is limited to manifest misapprehension of the law or mistake of fact." *In re Winer*, 39 B.R. 504, 512 (Bankr.S.D.N.Y.1984). Motions for reconsideration should not be used merely to relitigate the issues already decided. Unless the movant can demonstrate "manifest errors of fact or law," reconsideration should not be sought. Such motions should not be used a substitute for appeal. In re Oak Brook Apartments of Henrico Cnty., Ltd., 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991)

## III. LAW RELATING TO DUE ON DEMAND OBLIGATIONS

The Illinois Appellate Court discussed the issue of when a cause of action accrued on a loan agreement that was due on demand beginning back in 1919 with the case of In re: Estate of Doremus v. German American Trust, 215 Ill.App. 164 (1st. Dist. 1919). On this point the Doremus court stated as follows:

*"When does the statute of limitations begin to run against a note payable on demand? It is assumed by counsel that the Supreme Court of this State has never passed upon this question and we have been unable to find any decision of that court directly bearing thereon. Where nothing appears upon the face of a note payable on demand or by way of indorsement thereon tending to show a contrary intention, such demand note becomes due and payable immediately upon its execution and suit may be brought thereon without any demand. Slingo v. Steele-Wedeles Co., 82 Ill. App. 139; Pulling v. Travelers' Ins. Co., 55 Ill. App. 452; Hall v. Jones, 32 Ill. 38; Knecht v. Boshold, 138 Ill. App. 430."*

In the 1943 case entitled Bernstein v. Sch. Directors of Dist. No. 10, Jasper Cnty., 319 Ill. App. 403, 405-06, 49 N.E.2d 314, 315-16 (Ill. App. Ct. 1943), the Appellate Court of Illinois reiterated the law concerning demand obligations when it determined that orders

3

of the District School Board of Directors to pay certain sums to the Plaintiff amounted to evidence of a debt that was due on demand. Specifically, the Bernstein court held:

*"The school orders sued on in this case direct the Township Treasurer to pay a certain sum of money to a certain payee. No date is fixed for the payment of the orders. Nor could the orders lawfully be made payable at a future date, 1941 Illinois Revised Statutes, Chapter 122, Sections 124 and 125; Newell v. School Directors, 68 Ill. 514; Clark v. School Directors, 78 Ill. 474. The orders evidenced a debt that was due at the time the orders were issued, and that in no way changed the due date of the indebtedness. Since the school orders were not and could not be payable at a fixed date in the future, they were payable on demand, Edwards v. German–American Trust & Savings Bank, 215 Ill.App. 164, 165, 167; Knecht v. Boshold, 138 Ill.App. 430; McConnaughy v. Gage, 252 Ill.App. 17; 1941 Illinois Revised Statutes, Chapter 98, Section 27. In the case of Edwards v. German–American Trust & Savings Bank, supra, the Court specifically held that checks and notes, both interest bearing and non–interest bearing, which state no date for payment, fell due on the date they were made. The Statute of Limitations begins to run against a cause of action on a demand instrument from the date of the execution of the instrument, 1941 Illinois Revised Statutes, Chapter 83, Section 17; Edwards v. German–American Trust & Savings Bank, supra; Knecht v. Boshold, supra."*

### IV. LIMITATIONS APPLICABLE TO ORAL AGREEMENTS

735 ILCS 5/13-205 governs the applicable statute of limitations regarding actions seeking to recover under an oral contract, which is Count I of the Adversary Complaint that was filed against Charles Hanson, and which was the Count on which this Court entered its judgment order. Specifically, section 5/13-205 of the Illinois Civil Practice Act states:

*"§ 13-205. Five year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11-13 of "The llinois Public Aid Code", approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."*

4

In the adversary case at bar, the Trustee sued Charles Hanson under the stated theory of a breach of an oral contract or loan agreement. The evidence in the case clearly demonstrated that, if this oral contract or oral loan agreement existed, the agreement came into existence prior to 2001. As such, since the oral loan agreement at issue was due on demand, and a cause of action under a demand obligation accrues upon the inception of the demand obligation, the statute of limitations as to an oral agreement which began on or before 2001 would have expired by the end of 2006. Since demand was not made on the oral loan obligation until December of 2014, and suit was not brought on the demand obligation until 2015, the statute of limitations had long expired as to any cause of action under the verbal loan agreement as evidenced by the documents and testimony presented by the Trustee at trial in this matter.

V.   **WANT OF CONSIDERATION**

In this adversary proceeding the Trustee was unable to present any evidence of the date of any specific transfer of funds from the Debtor corporation to Charles Hanson. Therefore, there is no evidence as to the amount or date of any alleged transfer of consideration to Charles Hanson that would support the validity of a contractual obligation on the part of Charles Hanson. As explained in Vandevier v. Mulay Plastics, Inc., 135 Ill. App. 3d 787, 791, 482 N.E.2d 377, 380 (1985):

*"In a breach of contract action, plaintiff must establish an offer and acceptance, consideration, the terms of the contract, plaintiff's performance of all contractual conditions required of him, the defendant's breach of the terms of the contract and damages resulting from the breach. (Martin-Trigona v. Bloomington Federal Savings & Loan Association (1981), 101 Ill.App.3d 943, 946, 57 Ill.Dec. 348, 428 N.E.2d 1028, 428 N.E.2d 1028.) Plaintiff shoulders the burden of proving every material term of the contract. (Jaffe Commercial Finance Co. v. Harris (1983), 119 Ill.App.3d 136, 141, 74 Ill.Dec. 722, 456 N.E.2d 224.) It is well established that in order for an oral contract to be binding and enforceable, its terms must be definite and certain. (O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc. (1977), 51 Ill.App.3d 11, 14, 8 Ill.Dec. 78, 365 N.E.2d 316)"*

As noted in the above quotation, consideration is an essential element of any cause of action for breach of contract. Further, the consideration must actually exist and be

5

exchanged contemporaneously with the inception of the agreement. As explained in Polybrite Int'l, Inc. v. Westinghouse Lighting Corp., No. 06 C 3959, 2007 WL 707547, (N.D. Ill. Mar. 5, 2007):

*"[C]onsideration consists of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." Lipkin v. Koren, 392 Ill. 400, 64 N.E.2d 890, 893 (Ill.1946). "[W]hen there is an existing contractual obligation, a promise to continue performing that legal obligation lacks consideration." Boomer v. AT & T Corp., 309 F.3d 404, 416 (7th Cir.2002). Additionally, "if the alleged consideration for a promise has been conferred prior to the promise upon which alleged agreement is based, there is no valid contract." Johnson v. Johnson, 244 Ill.App.3d 518, 185 Ill.Dec. 214, 614 N.E.2d 348, 355 (Ill.App.Ct.1993)."*

In the case at bar, the Trustee was unable to provide this Court with any evidence of when actual consideration was transferred from the Debtor corporation to Charles Hanson to support the consideration element of a cause of action for breach of contract. It is the Plaintiff's burden to prove the existence of consideration and that the consideration was in fact received in exchange for the obligations of the Defendant under the contract. Since the Trustee has presented no evidence of any consideration being actually given to Charles Hanson by the debtor, and when that consideration was given, the Defendant contends that the Trustee has not carried the burden of proof as to the element of consideration.

As noted in Worner Agency, Inc. v. Doyle, 133 Ill. App. 3d 850, 856, 479 N.E.2d 468, 472-73 (1985):

*"Plaintiff has raised some procedural questions in reply to defendants' arguments. It first contends the lack of consideration is an affirmative defense and defendants did not carry their burden of proof. In our prior opinion in this case we noted that lack of consideration, as opposed to failure of consideration, is not an affirmative defense. (The Worner Agency, Inc. v. Doyle (1984), 121 Ill.App.3d 219, 222–23, 76 Ill.Dec. 718, 720, 459 N.E.2d 633, 635.) It was plaintiff's burden to establish the existence of consideration. As to mutuality, plaintiff argues that lack of mutuality is no defense as to wholly executed contracts and that complete performance may remedy lack of mutuality at the contract's inception. It also argues that defendants have waived the issue by failing to raise it in the*

6

*trial court and that it was up to defendants to establish lack of mutuality as an affirmative defense. In our opinion, mutuality is only a specialized form of consideration. Defendants did raise the defense of lack of consideration at trial, and thus this issue has not been waived. Moreover, we noted in our initial decision in this litigation that want, as opposed to failure, of consideration is not an affirmative defense. (121 Ill.App.3d 219, 222–23, 76 Ill.Dec. 718, 720, 459 N.E.2d 633, 635.) Thus the burden is on Worner to establish that the alleged contract was supported by adequate consideration."*

    The testimony of Peter Cieslak confirmed that the funds that accumulated to the total "loan" amount were disbursements which were taken over numerous years for tax payments and property purchases. Since the Debtor was a Subchapter S corporation owned by Mr. Hanson, Mr. Hanson paid taxes on all corporate profits at his tax level. Therefore, if Mr. Hanson then used those after tax profits to purchase something or pay any bill, that disbursement had no tax avoidance implications as the funds were after tax dollars. According to Mr. Cieslak, he and Mr. Hanson then discussed treating these prior disbursements of profits as a loan, which would have the net effect of increasing the assets of the Debtor corporation on its annual financial report. Therefore, according to the testimony of Peter Cieslak, the actual consideration for the "loan" was disbursed to Mr. Hanson over time and many years prior to the determination to treat the disbursements as a loan. This testimony displays that the oral loan agreement or oral contract as claimed by the Trustee wants for consideration as the consideration was past consideration which can not support a valid contract. As explained in <u>A. Epstein & Sons Int'l, Inc. v. Eppstein Uhen Architects, Inc.</u>, 408 Ill. App. 3d 714, 720, 945 N.E.2d 18, 24 (2011), <u>as modified on denial of reh'g</u> (Mar. 8, 2011), *"However, "if the alleged consideration for a promise has been conferred prior to the promise upon which the alleged agreement is based, there is no valid contract." Johnson v. Johnson,* 244 Ill.App.3d 518, 528, 185 Ill.Dec. 214, 614 N.E.2d 348 (1993). In the case at bar the Trustee has not provided any proof of when actual consideration was received by Mr. Hanson, and the testimony evidences that the consideration was not given contemporaneously with the promise to repay as a loan, and in fact was past consideration which can not support the consideration element of a breach of contract action.

7

Wherefore, for the foregoing reasons the Adversary Defendant, Charles Hanson, prays that this Court reconsider and amend its judgment order of June 29, 2015, and find that all Counts of the Trustee's adversary complaint are barred by the Illinois Statute of Limitations as contained in 735 ILCS 5/13-205, and find that recovery under Count I of the Adversary Complaint is further denied due to want of consider, and any other and further relief this Court deems appropriate and consistent with this motion.

Respectfully Submitted
Charles Hanson

By: _____
EMALFARB, SWAN & BAIN
His Attorneys

Peter G. Swan
EMALFARB, SWAN & BAIN
440 Central Avenue
Highland Park, Illinois 60035
(847) 432-6900
Attorney # 6186883

8